IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON MARTELL ODEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-954-WKW |
| | ) | [WO] |
| KAY IVEY, *et al.*,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' motion to dismiss. (Doc. # 50.) Having considered the filings of the parties, the court finds that Plaintiff's amended complaint (Doc. # 45) fails to state a claim and that dismissal is proper under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion is due to be granted.

## **I. JURISDICTION AND VENUE**

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The parties do not contest personal jurisdiction or venue.

---

[1] John Hamm has replaced Jefferson Dunn as the Commissioner of the Alabama Department of Corrections. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hamm is automatically substituted as defendant in this action. The Clerk of the Court is DIRECTED to update the docket sheet accordingly.

## II.  STANDARDS OF REVIEW

### A.  Rule 12(b)(6)

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "accept[s] as true the facts alleged in the complaint, drawing all reasonable inferences in the plaintiff's favor." *Est. of Cummings v. Davenport*, 906 F.3d 934, 937 (11th Cir. 2018) (alteration adopted).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The well-pleaded factual allegations in the complaint, but not its legal conclusions, are presumed true.  *Id.*

### A.  Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  On a Rule 12(b)(1) facial attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject-matter jurisdiction," employing standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013).

## III.  BACKGROUND

On November 19, 2020, Plaintiff, an inmate at Easterling Correctional Facility in Clio, Alabama, filed a *pro se* complaint against the Governor of Alabama, the Attorney General of Alabama, the Commissioner of the Alabama Department of Corrections, and two wardens associated with his correctional facility.  (Doc. # 1.) Plaintiff's complaint and the attached affidavits contained simple allegations.  Count I alleged a violation of the Eighth Amendment's prohibition on cruel and unusual punishments due to "malpractice of all Covid-19 protocol" in the limited amount of soap distributed to inmates, failure to maintain social distancing, and lack of a "serious mask mandate" for staff members.  Count II continued in the same thread, alleging that the policies surrounding inmate movement within the prison was not calculated to limit the spread of disease.  Count III alleged that overcrowding contributed to pandemic-related danger.  (Doc. # 1 at 3.)  As relief, Plaintiff requested $500,000 in compensatory damages, $500,000 in punitive damages, and release from prison.  (Doc. # 1 at 4.)

The affidavit attached to Plaintiff's original complaint generally tracks the same claims.  He briefly mentions "contaminated water" without any further elaboration, but generally focuses on the medical issues faced by a fellow inmate, Robert Jones.  Plaintiff avers that Jones contracted COVID-19 and was placed back into the general prison population "without being cleared by a doctor."  (Doc. # 1-1

at 1.) Plaintiff's complaint also includes an affidavit from Jones, who asserts that he contracted COVID-19, remained in health care for a week, and then was placed back into the general population without being "clear[ed] by the doctor." Jones also reports that he was threatened by "non-infected inmates" for an unspecified reason and in an unspecified manner. (Doc. # 1-1 at 2.)

On March 30, 2021, Defendants filed a Special Report and Answer to the complaint, extensively detailing their efforts to combat the spread of COVID-19 in their prisons. Defendants asserted that Plaintiff's complaint failed to state an Eighth Amendment claim, and that the claims were barred under Eleventh Amendment immunity, qualified immunity, and because Plaintiff did not suffer any injury. (Doc. # 38.)

Ten days prior, on March 20, 2021, Steven Ralph Sears, Esq., entered a notice of appearance on behalf of Plaintiff and moved to amend the complaint. (Docs. # 29, 32.) This motion was granted. (Doc. # 41.) Now represented by counsel, Plaintiff filed his amended complaint on May 20, 2021. (Doc. # 45.) The amended complaint contains seven paragraphs that span approximately one page, and reads in its entirety as follows:

> 1. This court's jurisdiction is established by the Bill of Rights, including the Eighth Amendment to the US Constitution, and Section 1983 of Title 42 of the US Code.

2. Plaintiff's rights have been repeatedly and continually violated by malpractice and failure to follow Covid19 protocols, including poor soap disinfection, social distancing, and delayed vaccinations,.

3. Moreover, plaintiff has been damaged by unenforced Covid19 protocols including improper inmate movement, unchecked upon inmates, overcrowding, and cross contamination from inmate search dogs and guards.

4. There have been violations of Covid 19 protocols duly adopted by the defendants, of Inmate manuals and guidelines adopted by the defendants, and Alabama State Law.

5. Plaintiff alleges his rights, under the Eighth Amendment to the US Constitution, Section 1982 of Title 42 of the United States Code *et al*, and those of many other Alabama prison inmates, were violated by negligently and needlessly exposing him to infection from Covid 19 (novocoronavirus) and its variants, contrary to the medical procedures adopted by the plaintiffs but not followed.

6. Plaintiff alleges that defendant retaliated against him for asserting his rights by, *inter alia*, having guards beat him under some pretext.

7. Plaintiff alleges that his rights were violated by having his food changed in mid pandemic with no medical or dietary justification. Moreover, the water supply and sanitary facilities do not meet minimum standards and threaten plaintiff's health by themselves and through promoting mold growth.

(Doc. # 45 at 1–2 (all spelling, punctuation, and grammatical errors in original).)

On July 14, 2021, Defendants moved to dismiss the amended complaint, and filed an amended motion to dismiss the following day. (Docs. # 48, 49, 50, 51.) The amended motion to dismiss argues that the amended complaint is a shotgun pleading, the official capacity claims are barred by Eleventh Amendment immunity, the individual capacity claims are barred by qualified immunity, and the amended

5

complaint fails to state a claim. (Doc. # 51.) On September 10, 2021, the court ordered Plaintiff to "file a response, which shall include a brief, on or before September 30, 2021." (Doc. # 55 at 1.) To date, Plaintiff—still represented by counsel—has filed neither a response to the motion nor a motion for extension of time.

## IV. DISCUSSION

Many circuits have adopted a rule permitting a failure to respond to be interpreted as a concession. *See Fox v. Am. Airlines*, Inc., 389 F.3d 1291, 1294–95 (D.C. Cir. 2004); *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). That is not the rule in the Eleventh Circuit. *See Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)[2] (dismissal for failure to respond is a sanction, not a ruling on the sufficiency of the complaint and ought to be adjudicated under sanction standards). *Boazman* has been reaffirmed in this circuit on multiple occasions. *See, e.g.*, *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005).

Nevertheless, "the onus is upon the parties to formulate arguments," *Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997), and "[t]here is no

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent for the Eleventh Circuit all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981).

burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ." *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). After a review of the amended complaint and the motion to dismiss, the court finds that the motion to dismiss is meritorious. The Alabama Department of Corrections and the individual Defendants in their official capacities cannot be liable due to Eleventh Amendment immunity, and the individual Defendants cannot be liable in their individual capacities because of qualified immunity and because Plaintiff has failed to include sufficient factual material to state a plausible claim to relief.

The most glaringly obvious problems with Plaintiff's amended complaint are the lack of allegations regarding the individual defendants' personal involvement in the aggrieved conditions or a causal connection between Defendants' actions and the condition, *see Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) ("Supervisors are liable under section 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." (alterations adopted) (quotation marks omitted) (quoting *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010))), as well as the lack of allegations or explanation as to how such personal involvement violated Plaintiff's clearly established rights. *See Charles v. Johnson*, 18 F.4th 686, 698 (11th Cir. 2021)

7

(holding that it is the plaintiff's burden to show, by citation to controlling law, that the unlawfulness of the defendants' conduct was clearly established at the time of the alleged violation). Further, Plaintiff's amended complaint does not request any remedy. The original complaint's request for monetary damages is not supported by any allegation of injury, and its request for release from prison is not cognizable in an action brought under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Having granted leave to amend once and having received a defective amended complaint from the now-represented Plaintiff, it is clear that further leave to amend would be futile.

## V. CONCLUSION

Accordingly, it is ORDERED that Defendants' amended motion to dismiss (Doc. # 50) is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

An appropriate final judgment will be entered separately.

DONE this 24th day of January, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE